UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                          Chapter 11, Subchapter V

CHANNELSIDE BREWING COMPANY LLC,          Case No. 8:25-bk-00445-CPM

      Debtor.

_____/

CHANNELSIDE BREWING COMPANY LLC,

      Plaintiff,

v.                                                              Adv. Case No. 8:25-ap-_____

FUNDING METRICS, LLC, and
LEVO FUNDING INC.,

      Defendants.

_____/

### EMERGENCY MOTION FOR PRELIMINARY INJUNCTION WITH SUPPORTING MEMORANDUM OF LAW AND REQUEST FOR HEARING

Channelside Brewing Company, LLC (the "**Debtor**" or "**Plaintiff**") seeks a preliminary injunction during the pendency of this Chapter 11 case against Funding Metrics, LLC ("**Funding Metrics**"), and Levo Funding Inc. ("**Levo**") (together, the "**Defendants**"), and seeks injunctive relief during the pendency of this chapter 11, subchapter V case prohibiting the commencement or continuation of collection activities against 813 Brewing Company, LLC d/b/a 81Bay Brewing Company ("**81Bay**"), through confirmation of a plan of reorganization, including, but not limited to, enjoining efforts to collect receivables of 81Bay and communicate with 81Bay's sales and distribution relationships.  In support of this motion, Plaintiff states the following:

## JURISDICTION

1.      After notice to Defendants and a hearing to be held before this Court, the Plaintiff requests a preliminary injunction pursuant to § 105(a) of the Bankruptcy Code[1] and Bankruptcy Rule 7065 based upon the facts set forth in the *Verified Complaint for Injunctive Relief* (Adv. Doc. No. 1) (the "**Complaint**") filed contemporaneously with this motion and the legal authorities set forth in the accompanying Memorandum of Law.

2.      As more particularly set forth in the Complaint and the Memorandum of Law set forth below, Plaintiff submits that this Court should enter a preliminary injunction during the pendency of this chapter 11, subchapter V case enjoining the Defendants' collection activities against 81Bay.

3.      The Plaintiff seeks a preliminary injunction pending entry of an order confirming a plan of reorganization.  The injunction is proper because (1) the Plaintiff has a substantial likelihood of prevailing on the merits; (2) the Plaintiff will suffer irreparable harm unless the preliminary injunction is issued; (3) the injury to the Plaintiff outweighs any damages the injunction may cause to the Defendants; and (4) the public interest would not be adversely affected if this Court issues a preliminary injunction pending confirmation of a plan.

WHEREFORE, the Plaintiff respectfully requests that the Court issue a preliminary injunction (i) enjoining the Defendants from commencing or continuing collection activities against 81Bay for the duration of the Debtor's bankruptcy case, up to and including the entry of a final order confirming the Debtor's plan and (ii) providing such other and further relief as may be just and proper.

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*  All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION**

The Plaintiff files this Memorandum of Law in support of its motion for entry of a preliminary injunction.

### ARGUMENT AND CITATIONS OF AUTHORITY

A.    Jurisdiction and Venue

Under 28 U.S.C. §§ 157 and 1334, bankruptcy courts have nonexclusive jurisdiction over proceedings "related to" a case under the Bankruptcy Code.  The test for determining whether a civil proceeding is related to bankruptcy is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."  *In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995) (citations omitted) (emphasis added).  Because the outcome of the Pending Actions could "conceivably have an effect on" the Debtor's estate and the Debtor's reorganization, the action is "related to" the bankruptcy case, and this Court has jurisdiction over this adversary proceeding.

B.    Bankruptcy Court's § 105(a) Powers

Bankruptcy courts have the same injunctive powers as courts of equity.  S. Rep. No. 989, 95th Cong., 2d Sess. 51 (1978).  Bankruptcy courts may issue a stay under § 105(a) of the Bankruptcy Code.  *Id.*  Section 105(a) states that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." This power includes issuing permanent injunctions, preliminary injunctions, and temporary restraining orders.  *See In re Kasual Kreation, Inc.*, 54 B.R. 915 (Bankr. M.D. Fla. 1985).

The jurisdictional test is whether failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through a third party. *Lahman Mfg. Co. v. First Nat'l Bank of Aberdeen (In re Lahman Mfg. Co.),* 33 B.R. 681 (Bankr. D.S.D. 1983). Bankruptcy courts have routinely used section 105(a) of the Bankruptcy Code to enjoin court proceedings against non-debtor parties that would affect the debtor's bankruptcy case. *Kasual Kreation*, 54 B.R. at 915. *See also*, *GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 26 B.R. 405 (Bankr. S.D.N.Y. 1983); *Otero Mills, Inc. v. Security Bank & Trust, (In re Otero Mills, Inc.)*, 21 B.R. 777 (Bankr. D.N.M. 1982).

Accordingly, under the case law and section 105(a)'s express language, the Court may enjoin parties from proceeding in other courts against parties other than the Debtor when failing to enjoin the parties would harm this Debtor's bankruptcy case.

C.    Standard for Preliminary Injunction

To obtain a preliminary injunction, the movant must make a clear and convincing showing that it has met each element under Bankruptcy Rule 7065. *In re Stephen P. Nelson, D.C., P.A.*, 140 B.R. 814, 816 (Bankr. M.D. Fla. 1992) (citing *In re Costa & Head Land Co.*, 68 B.R. 296, 304 (Bankr. N.D. Ala. 1986)). Under Bankruptcy Rule 7065, the movant must show: (1) that the movant has a substantial likelihood of succeeding on the merits; (2) that the movant will suffer irreparable injury unless an injunction issues; (3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) that the injunction would not adversely affect the public interest. *Id.* (citing *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Calaway v. Block*, 763 F.2d 1283, 1287 (11th Cir. 1985)); *In re Olympia Holding Corp.*, 161 B.R. 524, 528 (Bankr. M.D. Fla. 1993). The

Court must balance each element rather than treat each as a prerequisite.  *American Imaging Services, Inc. v. Eagle Pricher Indus., Inc.* (*In re Eagle-Pricher Indus., Inc.*), 963 F.2d 855, 859 (6th Cir. 1992).  Consequently, a court may issue an injunction upon the overwhelming presence of one of the factors despite a weak showing on the others.  *Id*. at 860.

   D.   Chapter 11 Co-debtor Stays

   The automatic stay provisions of section 362(a) of the Bankruptcy Code generally are not available to third-party non-debtors.  *See, e.g.*, *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509–10 (3d Cir. 1997) (explaining that it is "universally acknowledged that an automatic stay of proceedings accorded by section 362(a) may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor") (citations omitted).  It is equally well settled, however, that § 105(a) of the Bankruptcy Code grants the bankruptcy courts authority to enjoin proceedings against non-debtors that would materially affect a debtor's reorganization effort.  *Nelson*, 140 B.R. at 816 (citing, *e.g.*, *In re Am. Hardwoods, Inc.*, 885 F.2d 621 (9th Cir. 1989).  *See also*, *McCartney*, 106 F.3d at 509–10; *In re Sunbeam Securities*, 261 B.R. 534, 536 (S.D. Fla. 2001).

   For example, Bankruptcy courts have enjoined actions against non-debtor parties where the non-debtor's assets were to be used as a funding source for the plan or when preserving the non-debtor's credit standing and borrowing ability played a significant and meaningful role in the debtor's reorganization effort.  *In re Regency Realty Associates*, 179 B.R. 717, 719 (Bankr. M.D. Fla. 1995) (recognizing "classic scenarios" for issuance of a § 105(a) injunction to protect a non-debtor guarantor where the guarantor was willing to contribute his credit, funds or properties to fund the reorganization plan); *In re St. Petersburg Hotel Assocs.,*

*Ltd.*, 37 B.R. 380 (Bankr. M.D. Fla. 1984) (same). Some courts have even concluded that the automatic stay applied as to actions against non-debtor affiliates where "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (upholding application of automatic stay to individual debtor's personal holding company).

Similarly, bankruptcy courts have enjoined actions against individual corporate parties where a collection action diverted and substantially interfered with resolution of a bankruptcy. *See, e.g.*, *In re United Health Care Org.*, 210 B.R. 228, 233 (S.D.N.Y. 1997).

E.    This Case Warrants a Section 105(a) Non-debtor Stay.

The Plaintiff can sustain its burden of proof on all necessary elements for a § 105(a) injunction. The Plaintiff also submits that "unusual circumstances" exist in this case justifying a § 105(a) non-debtor stay.

1.    Substantial Likelihood on the Merits

In the context of a bankruptcy case, courts ruling on a preliminary injunction define a "substantial likelihood of success" as the probability of a successful reorganization. *Nelson*, 140 B.R. at 816–17; *In re Lazarus Burman Assocs.*, 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993); *In re Gathering Rest., Inc.*, 79 B.R. 992, 998 (Bankr. N.D. Ind. 1986). In this case, there is a substantial likelihood that the Debtor will be able to reorganize.

The Debtor is determined to work efficiently toward filing a plan of reorganization, which will devote the Debtor's projected revenue to the payment of creditor claims. Moreover, 81Bay's sales revenues are essential to the Debtor. The Debtor cannot afford for 81Bay's ability to generate revenues for the Debtor to be distracted by litigation or collection

activities during this critical point the reorganization process. Likewise, the Debtor cannot afford for 81Bay's sales and distribution relationships to be harmed by Defendants' aggressive collection activities. It is essential that the Debtor maintain the ability to operate without interruption, and 81Bay's role in providing revenue to the Debtor is critical to those operations.

Finally, the Debtor and 81Bay have limited assets to devote to the payment of creditor claims, which will only be further depleted to the detriment of all creditors if Defendants' collection activities continue.

2.  Irreparable Harm

In this case, there are "unusual circumstances" giving rise to irreparable harm. First, 81Bay's sales are intimately connected to the revenues of the Debtor. If the flow of sales revenue from 81Bay to the Debtor ceases, the Debtor will lose its largest single source of revenue. The Debtor would be unable to pay its employees and continue operations. Further, the aggressive collection activities of the Defendants imposes an imminent threat to the critical distribution and sales relationships maintained by 81Bay. Simply put, if those relationships cease, the Debtor's main source of revenue will be gone. Second, any dollar that is collected by Defendants reduces the collateral of the Debtor's secured lenders. Because the Debtor believes that its secured lender—Valley National Bank—is already undersecured, any receivables that are not paid to the Debtor only further diminishes the secured position of Valley National Bank.

Ultimately, the ability of 81Bay to collect sales proceeds and generate revenue for the Debtor is critical to the Debtor's continued operations and is necessary to ensure the Debtor's

creditors receive as much as possible on account of their claims. If 81Bay is unable to receive sales proceeds, the Debtor's chances for a successful reorganization will all but disappear.

   3.   Balance of Prejudice

In contrast to the irreparable harm that the Debtor and its creditors will face absent a preliminary injunction, the Defendants will suffer little, if any, prejudice from a temporary stay of collection activities pending confirmation of a plan of reorganization. The Debtor has elected to proceed under Subchapter V and will work to advance the case as efficiently and expeditiously as possible. Upon information and belief, none of the Defendants is confronting any limitation periods of any kind or nature and will suffer no procedural prejudice.

   4.   Public Interest

The public interest would not be harmed if the Court temporarily stays litigation and collection activities pending confirmation of a plan. To the contrary, an injunction would serve the public interest because, from a societal perspective, reorganization is preferable to liquidation. *Nelson*, 140 B.R. at 817. If the injunction is not granted, the Debtor's reorganization efforts will be irreparably harmed. If 81Bay's sales proceeds are prevented from flowing to the Debtor, the Debtor's creditors will likely receive a diminished recovery on their claims, and value will be destroyed for all but the Defendants.

## CONCLUSION

For the reasons set forth herein, the Debtor respectfully requests that the Court issue a preliminary injunction (i) enjoining the Defendants from commencing or continuing any collection activities against 81Bay for the duration of the Debtor's bankruptcy case, up to and

including the entry of a final order confirming the Debtor's plan, and (ii) providing such other

and further relief as may be just and proper.

/s/ Andrew J. Wit
Andrew J. Wit
Florida Bar Number: 1038575
**Jennis Morse**
Address:      606 East Madison Street
              Tampa, FL 33602
Email:        awit@jennislaw.com
              ecf@jennislaw.com
Telephone:    (813) 229-2800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion for
Preliminary Injunction with Supporting Memorandum of Law and Request for Hearing* was furnished
on this 30th day of January, 2025, by either email or U.S. mail to:

**Funding Metrics, LLC**
3220 Tillman Drive, Suite 200
Bensalem, PA 19020
*Via U.S. Mail, with a copy via email to*:
Nicholas J. Zabala, Esq.
nick@njzlaw.com

**Levo Funding Inc.**
627 8th Avenue
Floor 2
San Diego, CA 92101
*Via U.S. Mail, with a copy via email to*:
Kael Karelick, Director of Client
Services and Collections
KKerlick@levofunding.com

/s/ Andrew J. Wit
Andrew J. Wit